Mark P. Walters, WSBA No. 30819
LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
T: 206.381.3300
F: 206.381.3301
walters@lowegrahamjones.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERCHONIA CORPORATION LLC, . a Texas limited liability company, <br><br> Plaintiff, <br><br><br> VIBTRAGENIX, LLC, a Washington limited liability company, and DR. CAROLINE STITES, an individual <br><br> Defendants. | No. <br><br> COMPLAINT FOR (1) PATENT INFRINGEMENT; (2) TRADEMARK INFRINGEMENT; (3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORGIN; (4) COMMON LAW TRADEMARK INFRINGMENT AND (5) COMMON LAW UNFAIR COMPETITION <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Erchonia Corporation LLC ("Erchonia"), for its Complaint against VibraGenix, LLC ("VibraGenix") and Dr. Caroline Stites ("Dr. Stites") (individually, a "Defendant" and collectively, the "Defendants"), hereby alleges as follows:

## **NATURE OF THE ACTION**

1.     This is a civil action for patent infringement of United States Patent Nos. 9,149,650 ("the '650 Patent") and 7,947,067    ("the '067 Patent")

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

(collectively, the "Patents-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*.; trademark infringement and unfair competition/false designation of origin, arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); and trademark infringement and unfair competition, arising under the common law of Washington.

## THE PARTIES

2.      Erchonia is a Texas limited liability company with a principal place of business at 112 Southchase Boulevard, Fountain Inn, SC 29644.

3.      On information and belief, VibraGenix is a Washington limited liability company with a principal place of business at 1119 Columbia Park Trail, Richland, WA 99352.

4.      On information and belief, Dr. Stites is an individual, as well as the principal of VibraGenix, residing in this judicial District and is otherwise sui juris.

## JURISDICTION AND VENUE

5.      This Court has exclusive subject matter jurisdiction over the federal claims asserted in this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338. In addition, this Court has supplemental jurisdiction over the claims arising under the laws of Washington, pursuant to 28 U.S.C. § 1367(a), because the state law claims

COMPLAINT- 2

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

are so related to the federal subject matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.    This Court has personal jurisdiction over VibraGenix because, upon information and belief, VibraGenix has a principal place of business in this District, conducts business in this District, has purposefully availed itself of the opportunity to conduct commercial activities in this District, and has committed acts of patent infringement, trademark infringement and unfair competition within this District as alleged herein.

7.    This Court has personal jurisdiction over Dr. Stites because, upon information and belief, Dr. Stites resides in this District, conducts business in this District, has purposefully availed herself of the opportunity to conduct commercial activities in this District, and has committed acts of patent infringement, trademark infringement and unfair competition within this District as alleged herein.

8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) as, upon information and belief, VibraGenix is a limited liability company organized and existing under the laws of Washington, has a regular and established place of business in this District, and has committed acts of patent infringement in this District.

COMPLAINT- 3

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) as, upon information and belief, Dr. Stites resides in this District and has committed acts of patent infringement in this District.

## THE PATENTS-IN-SUIT

10.     On October 6, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '650 Patent, entitled "Non-Invasive Method for Slimming a Human Body Using Laser Energy of Wavelengths Shorter Than 632 nm."  The named inventors are Steven C. Shanks and Kevin B. Tucek, and the patent is assigned to Erchonia. A copy of the '650 Patent is attached hereto as Exhibit A.

11.     Erchonia is the exclusive owner of all rights, title, and interest in and to the '650 Patent, and has the exclusive right to practice the inventions claimed in the '650 Patent throughout the United States.

12.     On May 24, 2011, the USPTO duly and legally issued the '067 Patent, entitled "Scanning Treatment Laser With Sweep Beam Spot and Universal Carriage."  The named inventors are Kevin Tucek, Steven C. Shanks and Lawrence Owens, and the patent is assigned to Erchonia. A copy of the '067 Patent is attached hereto as Exhibit B.

13.     Erchonia is the exclusive owner of all rights, title, and interest in and to the '067 Patent, and has the exclusive right to make, use, sell, and offer to sell, any

COMPLAINT- 4

product embodying the invention disclosed in the '067 throughout the United States, and to import any product embodying the invention disclosed in the '067 into the United States.

14.    On May 3, 2022, the USPTO duly and legally issued Registration No. 6,715,352 for the federally registered trademark "Emerald Laser" on the Principal Register with respect to "lasers for medical use" to Erchonia. A copy of the '352 Registration is attached hereto as Exhibit C.

## **BACKGROUND**

15.    Founded in 1996, Erchonia is a world leader in medical-grade laser therapy technology for physicians, chiropractors, physical therapists, podiatrists, osteopaths, aesthetic clinics, and many other types of medical health professionals.

16.    Erchonia's range of non-thermal, low-level-laser therapy (LLLT) devices are used in many areas, including pain relief, fat removal, cellulite reduction, fungal nail treatment and more.

17.    Erchonia owns 22 FDA-clearances for low-level-laser applications in the medical field and the efficacy of its devices has been proven by multiple level 1, double blind, randomized, placebo-controlled, and multi-site clinical studies.

18.    Erchonia's Emerald Laser is an FDA Market-Cleared full body fat loss treatment device that allows clients to target areas of stubborn fat. It treats overall

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

body circumference and is the only device FDA cleared to treat those with a BMI up to 40.

19.     Upon information and belief, VibraGenix is a health and wellness lifestyle company featuring research based holistic technologies.

20.     Upon information and belief, Dr. Stites is the sole manager/member of VibraGenix and is the individual possessing sole decision-making authority regarding the importation, purchase, offer for sale, sale and use of the infringing device, as well as the advertising and promotion thereof, at issue in this action.

21.     In January 2024, Dr. Stites engaged in discussions with Erchonia regarding the Erchonia Emerald Laser, as well as other Erchonia laser products, during which time Erchonia provided her with information about Erchonia's patented products and processes.

22.     After multiple conversations, Dr. Stites communicated with Erchonia that the Erchonia Emerald Laser was not a fit at that time.

23.     Upon information and belief, Defendants shortly thereafter began using substantial copies of Erchonia's patented Emerald Laser at VibraGenix, as well as at its affiliated ReGenX Wellness Centers, and began offering for sale and selling the infringing devices to third parties (the "Accused Device").

COMPLAINT- 6

24. To add insult to injury, as discussed more fully below, Defendants began to market the Accused Device under the name "VibraGenix Emerald Laser" and even substantially copied Erchonia's federally registered design mark.

25. Defendants efforts to promote and offer for sale the Accused Device have resulted in the consummation of a sale of the Accused Device to at least one third party wellness center, i.e., Brookfield Health and Wellness, 150 S. Sunnyslope Rd., Brookfield, WI 53005.

26. Erchonia has engaged undersigned counsel to represent it and is obligated to pay its attorneys a reasonable fee for their services in this action.

## COUNT I – PATENT INFRINGEMENT OF THE '650 PATENT

27. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 26 above as if fully set forth herein.

28. Erchonia is the exclusive owner of all rights, title, and interest in and to the '650 Patent, and has the exclusive right to practice the inventions claimed in the '650 Patent throughout the United States.

29. The '650 Patent is an invention of a non-invasive method for slimming a human body using laser energy of wavelengths shorter than 632 nm.

30. Upon information and belief, Defendants have been and are now directly infringing and, unless enjoined, will continue to infringe, one or more claims of the '650 Patent, including Claims 1-3, in this District, and elsewhere in

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

the United States, by practicing the methods disclosed in the '650 Patent through use of the Accused Device as a non-invasive means for fat loss.

31.    Upon information and belief, Defendants have been and are now contributorily infringing and, unless enjoined, will continue to contributorily infringe, one or more claims of the '650 Patent, including Claims 1-3, in this District, and elsewhere in the United States, by contributing to the direct infringement of the '650 Patent by third parties practicing the methods disclosed in the '650 Patent as a non-invasive means for fat loss through use of an Accused Device acquired from Defendants.

32.    Claims 1 through 3 of the '650 provide as follows:

1.  A method of slimming a patient, the method comprising applying monochromatic laser energy having a wavelength shorter than 570 nm externally to the patient at a targeted area in a dose rate that causes no detectable temperature rise of the treated tissue.

2.   The method according to claim 1 wherein the laser energy is monochromatic green.

3.  The method according to claim 1 wherein the laser energy is 532 nm.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

33.      Upon information and belief, when placed into operation by Defendants and acquiring third parties, the Accused Device infringes Claim 1 of the '650 Patent as the Accused Device sessions:

a.  are a non-invasive procedure to lose weight and reduce body fat;



LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1

2

    b.  apply monochromatic laser energy having a wavelength shorter than

3

       570 nm, i.e., 532nm;



15

    c.  apply monochromatic laser energy externally to the patient at a targeted

16

17

       area; and



LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

d.  apply monochromatic laser energy at a dosage rate that causes no detectable temperature rise of the treated tissue.



https://rejuvafresh.com/products/10d-master-laser-body-slimming-machine

34.    Upon information and belief, when placed into operation by Defendants and acquiring third parties, the Accused Device infringes Claim 2 of the '650 Patent as its sessions utilize laser energy which is monochromatic green. *See* ¶ 32 (a) - (c) above.

35.    Upon information and belief, when placed into operation by Defendants and acquiring third parties, the Accused Device infringes Claim 3 of the '650

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Patent as its sessions utilize laser energy which has a wavelength of 532 nm. *See* ¶ 32 (b) above.

36.     Defendants' infringement of the '650 Patent has been both direct and indirect because Defendants (a) have used the Accused Device in sessions as alleged above in ¶ 32, (b) have sold the Accused Device with instructions and advertisements actively encouraging others to use the Accused Device in an infringing manner, and (c) because the Accused Device has no substantial non-infringing uses. Moreover, Defendants' infringement of the '650 Patent has caused and will continue to cause Erchonia injury and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to damages adequate to compensate it for the infringement.

37.     Defendants' infringement of the '650 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to treble damages. Defendants' willful infringement is based at least on Defendants' knowledge of Erchonia, its products, and its patents. Defendants' conduct is especially egregious in light of their efforts to learn about Erchonia's patented products and methods shortly before engaging in the infringing conduct.

38.     Defendants' infringement of the '650 Patent has caused and will continue to cause Erchonia immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Erchonia has no adequate remedy at law.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

39.     This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

## COUNT II – PATENT INFRINGEMENT OF THE '067 PATENT

40.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 26 above as if fully set forth herein.

41.     Erchonia is the exclusive owner of all rights, title, and interest in and to the '067 Patent, and has the exclusive right to make, use, sell, and offer to sell any product embodying the '067 Patent throughout the United States.

42.     The '067 Patent is an invention for a scanning treatment laser with a sweep bean spot and universal carriage.

43.     Upon information and belief, Defendants have been and are now directly infringing and, unless enjoined, will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '067 Patent, including Claim 1, in this District, and elsewhere in the United States, through the sale, offer for sale and use of the Accused Device.

44.     Upon information and belief, Defendants have been and are now contributorily infringing and, unless enjoined, will continue to contributorily infringe, one or more claims of the '067 Patent, including Claim 1, in this District, and elsewhere in the United States, by contributing to the direct infringement of the '067 Patent by third parties their through use of an Accused Device acquired

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

from Defendants knowing that said use will infringe the '067 Patent, intending and encouraging others to use the Accused Device in an infringing manner, and because the Accused Device has no substantial non-infringing uses.

45. Claim 1 of the '067 provides as follows:

1. A laser comprising:

a. at least one laser energy source for generating a laser beam; and

b. a scanning head further comprising:

i. a hollow spindle substantially coaxial with the laser beam and through which the laser beam is conveyed;

ii. a refractive optical element through which the laser beam is conveyed to produce a linear first beam spot whose centerpoint is along the axis of the hollow spindle;

iii. a rotatable carriage housing the optical element and through which the laser beam is conveyed and which, when rotated, creates an apparent solid circular second beam spot whose center is along the axis of the hollow spindle; and

iv. means for continuously rotating the carriage through 360 degrees.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

46.    Upon information and belief, the Accused Device infringes Claim 1 of

the '067 Patent as it comprises:

    a.  at least one laser energy source for generating a laser beam;



    b.  a scanning head further comprising;

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301



    i.  a hollow spindle substantially coaxial with the laser beam and through which the laser beam is conveyed;

  

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301





ii. a refractive optical element through which the laser beam is conveyed to produce a linear first beam spot whose centerpoint is along the axis of the hollow spindle;

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301





iii.  a rotatable carriage housing the optical element and through which the laser beam is conveyed and which, when rotated, creates an apparent solid circular second beam spot whose center is along the axis of the hollow spindle; and





LASER BEAM LINE - ROTATING 360°
CREATING SCANNING LASER
DEVICE VIA CIRCLE WITH LASER
BEAM

iv.  means for continuously rotating the carriage through 360 degrees.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

 

47.    Alternatively, the above referenced configuration and operation of the scanning head of the Accused Device performs substantially the same function, in substantially the same way, and achieves substantially the same results as the scanning head disclosed in Claim 1 of the '067 Patent and therefore infringes under the Doctrine of Equivalents.

48.    Defendants' infringement of the '067 Patent has caused and will continue to cause Erchonia injury and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to damages adequate to compensate it for the infringement.

49.    Defendants' infringement of the '067 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to treble damages. Defendants' willful infringement is based at least on Defendants' knowledge of Erchonia, its products, and its patents. Defendants' conduct is especially egregious in light of their efforts to learn about Erchonia's patented products and methods shortly before engaging in the infringing conduct.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

50.    Defendants' infringement of the '067 Patent has caused and will continue to cause Erchonia immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Erchonia has no adequate remedy at law.

51.    This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

## COUNT III – TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

52.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 26 above as if fully set forth herein.

53.    Erchonia owns federal trademark Registration No. 6,715,352 ("TM Reg. No. '352") for the mark "Emerald Laser" with respect to "lasers for medical use" (the "Registered EMERALD LASER Mark"). See Ex. C.

54.    TM Reg. No. '352 constitutes prima facie evidence that the asserted mark is valid, and that Erchonia is entitled to exclusive use of said mark in commerce and throughout the United States on the goods and services listed in the registration.

55.    Erchonia  has been and is now engaged in the business of developing, creating, distributing, marketing, advertising, and selling low-level-laser devices and services under the Registered EMERALD LASER Mark.  Through Erchonia's widespread and continuous use of the Registered EMERALD LASER Mark

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

throughout the United States, the Registered EMERALD LASER Mark has acquired extensive goodwill, developed a high degree of distinctiveness, and become well-known and recognized as identifying goods and services that originate from Erchonia.

56.    Defendants are promoting the Accused Device under the identical name "Emerald Laser."   Examples of Defendants promotion of the Accused Device under the name Emerald Laser include:

a.    usage on VIBRAGENIX's website:



b.    and on VIBRAGENIX Facebook account:

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301



57.     The VIBRAGENIX Emerald Laser mark is identical or nearly identical to the Registered EMERALD LASER Mark and is likely to cause consumer confusion as to the source of the parties' respective goods and services.

58.     There is a high likelihood that consumers who visit VIBRAGENIX's website, social media or locations will mistakenly believe VIBRAGENIX's Emerald Laser service utilize an Erchonia Emerald Laser and are therefore endorsed, approved, or sponsored by, or affiliated, connected, or associated with Erchonia.

59.     Such confusion will harm and is harming Erchonia, the senior user of the Registered EMERALD LASER Mark, and Defendants will improperly reap the benefits of Erchonia's reputation and goodwill based on this consumer confusion.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

60.    Defendants do not have authorization, license, or permission from Erchonia  to market their Accused Device and services under the confusingly similar VIBRAGENIX Emerald Laser mark, particularly in connection with an infringing device and services that are an illegitimate copy of the device and services legitimately associated with Erchonia's Registered EMERALD LASER Mark.

61.    Defendants were aware of Erchonia's Registered EMERALD LASER Mark, as Defendants were on constructive notice based on Erchonia's federal trademark registration, as well as on actual notice based on Defendants' earlier inquiries regarding potential purchase of an Erchonia Emerald Laser. Given the foregoing, Defendants' unauthorized use of the confusingly similar mark was and is knowing, intentional, and willful.

62.    As a direct and proximate result of Defendants' wrongful conduct, Erchonia has been and will continue to be damaged.

63.    Defendants' actions therefore constitute trademark infringement.

64.    Unless an injunction is issued enjoining any continuing or future use of the confusingly similar VIBRAGENIX Emerald Laser mark by Defendants, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably harm Erchonia.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

65.    An injunction is further warranted to protect the public interest. The Erchonia Emerald Laser is the only device FDA cleared to treat those with a BMI up to 40. With respect to the Accused Device, there is no evidence that the manufacturer of the Accused Device has submitted a 510k premarket notification with the FDA, nor that the Accused Device has been FDA-Cleared or -Approved for any purpose. As such, Defendants and their third party customers are treating patients with a non-FDA-Cleared or -Approved device.

66.    Defendants' activities have caused and will continue to cause irreparable harm to Erchonia, for which it has no adequate remedy at law, because: (i) the Registered EMERALD LASER Mark comprises a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes interference with Erchonia's goodwill and customer relationships and will continue to substantially harm Erchonia's reputation as a source of high quality goods and services; and (iii) Defendants' wrongful conduct and the damages resulting to Erchonia are continuing.  Accordingly, Erchonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

67.    Pursuant to 15 U.S.C. §1117(a), Erchonia is entitled to an order: (i) requiring Defendants to account to Erchonia for any and all profits derived from their infringing actions; and (ii) awarding all damages sustained by Erchonia that were caused by Defendants' conduct.

LOWE GRAHAM JONES ₚₗₗₒ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

68.    Defendants' conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Erchonia is therefore entitled to an award of treble damages against Defendants.

69.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), thus Erchonia is entitled to an award of its attorneys' fees and costs to pursue this action.

## COUNT IV- UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

70.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 26 and 53 through 62 above as if fully set forth herein.

71.    In addition to its federally registered EMERALD LASER Mark, Erchonia has also developed common law trademark rights in the word mark EMERALD LASER by virtue of its continuous use in commerce since as early as 2020 in connection with its patent Emerald Laser device and services. (Collectively with the Registered EMERALD LASER Mark, these common law marks will hereinafter be deemed the EMERALD LASER Marks for purposes of Counts IV-VI).

72.    The EMERALD LASER Marks are strong and distinctive and designate Erchonia as the source of all goods and services advertised, marketed, sold, or used in connection with the marks.  In addition, by virtue of Erchonia's years of use of the marks in connection with its products and services, and its

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

extensive marketing, advertising, promotion, and sale of its products and services under the marks, the EMERALD LASER Marks have acquired secondary meaning, whereby the consuming public of this District, the State of Texas, and the United States associate the EMERALD LASER Marks with a single source of products and services, i.e., Erchonia.

73.     Erchonia is the senior user of the EMERALD LASER Marks as it began use of the marks in interstate commerce prior to Defendants' first use of the confusingly similar name Emerald Laser to describe the Accused Device.

74.     Defendants' efforts to confuse and deceive the public into believing the Accused Device is an authentic Erchonia Emerald Laser apparently knows no bounds.  For instance, on VIBRAGENIX's website, the image of the Accused Device appears to be nothing more than a copy of Erchonia's Emerald Laser. Compare:



LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

with



https://www.erchonia.com/products/emerald-laser/

75.    In fact, there is no connection, association, or licensing relationship between Erchonia and Defendants, nor has Erchonia ever authorized, licensed, or given permission to Defendants to use the EMERALD LASER Marks in any manner.

76.    As a direct and proximate result of Defendants' wrongful conduct, Erchonia  has been and will continue to be damaged.

77.    Defendants' actions thus constitute unfair competition and false designation of origin.

78.    Defendants' activities have caused and will continue to cause irreparable harm to Erchonia, for which it has no adequate remedy at law, because: (i) the EMERALD LASER Marks comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' wrongful conduct

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

constitutes interference with Erchonia's goodwill and customer relationships and will continue to substantially harm Erchonia's reputation as a source of high quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to Erchonia are continuing. Accordingly, Erchonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

79.    An injunction is further warranted to protect the public interest. The Erchonia Emerald Laser is the only device FDA cleared to treat those with a BMI up to 40. With respect to the Accused Device, there is no evidence that the manufacturer of the Accused Device has submitted a 510k premarket notification with the FDA, nor that the Accused Device has been FDA-Cleared or FDA-Approved for any purpose. As such, Defendants and their third party customers are treating patients with a non-FDA-Cleared or non-FDA-Approved device.

80.    Pursuant to 15 U.S.C. §1117(a), Erchonia is entitled to an order: (i) requiring Defendants to account to Erchonia for any and all profits derived from their wrongful actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Erchonia that were caused by Defendants' conduct.

81.    Defendants' conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Erchonia is therefore entitled to an award of treble damages against Defendants.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

82.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), thus Erchonia is entitled to an award of its attorneys' fees and costs to pursue this action.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

83.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 26, 53 through 62 and 71 through 76 above as if fully set forth herein.

84.    The EMERALD LASER Marks are entitled to protection under the common law.  Erchonia has extensively and continuously promoted and used the EMERALD LASER Marks in the United States and the State of Washington. Through that extensive and continuous use, the EMERALD LASER Marks have become a well-known indicator of the origin and quality of Erchonia's goods and services.  The EMERALD LASER Marks have also acquired substantial secondary meaning in the marketplace, and such secondary meaning was acquired prior to Defendants' use of the confusingly identical or similar Emerald Laser mark.

85.    Defendants' activities constitute common law trademark infringement. Defendants' use of the name Emerald Laser in association with the Accused Device constitutes a reproduction, copy, and/or colorable imitation of the EMERALD LASER Marks and is likely to cause consumer confusion as to the

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

origin, sponsorship, or affiliation of Defendants' goods and services with those of Erchonia.

86.    Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Erchonia's reputation and the substantial goodwill it has built up in the EMERALD LASER Marks.

87.    As a direct and proximate result of Defendants' wrongful conduct, Erchonia and consumers have been and will continue to be damaged because consumers have been and will continue to be misled to utilize Defendants' devices and/or services using a non-FDA-Cleared infringing device instead of Erchonia's goods and services.

88.    Unless an injunction is issued enjoining any continuing or future use of the Emerald Laser name by Defendants, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage Erchonia.  Erchonia has no adequate remedy at law.  Accordingly, Erchonia is entitled to an injunction.

89.    An injunction is further warranted to protect the public interest. The Erchonia Emerald Laser is the only device FDA cleared to treat those with a BMI up to 40. With respect to the Accused Device, there is no evidence that the manufacturer of the Accused Device has submitted a 510k premarket notification with the FDA, nor that the Accused Device has been FDA-Cleared or FDA-

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Approved for any purpose. As such, Defendants and their third party customers are treating patients with a non-FDA-Cleared or non-FDA-Approved device.

90.    Erchonia is entitled to recover at least Erchonia's damages, Defendants' profits, costs, and reasonable attorneys' fees, particularly because Defendants have acted willfully, maliciously and fraudulently.

## COUNT VI – COMMON LAW UNFAIR COMPETITION

91.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 26, 53 through 62, 71 through 76 and 84 above as if fully set forth herein.

92.    Erchonia has valid and protectable common law rights in the EMERALD LASER Marks.

93.    Erchonia is the senior user of the EMERALD LASER Marks.

94.    Erchonia has expended significant time and expense in developing the EMERALD LASER Marks and the high-quality products and services it markets and sells under the marks.  The EMERALD LASER Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace.

95.    Defendants' use of the confusingly similar Emerald Laser name on unauthorized goods and services is likely to cause confusion as to the origin of

COMPLAINT- 31

Defendants' goods and services and is likely to cause others to believe that there is a relationship between Defendants and Erchonia.

96.    Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Erchonia's  reputation and the substantial goodwill it has built up in the EMERALD LASER Marks.

97.    Through their wrongful conduct, Defendants have misappropriated Erchonia's efforts and are exploiting the EMERALD LASER Marks and Erchonia's reputation to market and sell their services under the Emerald Laser name.

98.    These actions constitute common law unfair competition.

99.    As a direct and proximate result of Defendants' wrongful conduct, Erchonia and consumers have been and will continue to be damaged because consumers have been and will continue to be misled to utilize Defendants' devices and/or services using a non-FDA-Cleared infringing device instead of Erchonia's goods and services.

100.   Unless an injunction is issued enjoining any continuing or future use of the Emerald Laser name by Defendants, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage Erchonia.  Erchonia has no adequate remedy at law.  Accordingly, Erchonia is entitled to an injunction.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

101.   An injunction is further warranted to protect the public interest. The Erchonia Emerald Laser is the only device FDA cleared to treat those with a BMI up to 40. With respect to the Accused Device, there is no evidence that the manufacturer of the Accused Device has submitted a 510k premarket notification with the FDA, nor that the Accused Device has been FDA-Cleared or FDA-Approved for any purpose. As such, Defendants and their third party customers are treating patients with a non-FDA-Cleared or FDA-Approved device.

102.   Erchonia is entitled to recover at least Erchonia's damages, Defendants' profits, costs, and reasonable attorneys' fees, particularly because Defendants have acted willfully, maliciously and fraudulently.

## JURY DEMAND

103.   Erchonia demands a jury trial on all issues triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Erchonia respectfully requests the following relief;

    a.   Judgment that Defendants have infringed the '650 and '067 Patents;

    b.   Permanent injunctive relief preventing Defendant and its officers, agents, servants and employees, and all those acting in concert or

COMPLAINT- 33

participation therewith, from further acts of infringement of the '650 and '067 Patents;

c. An award of damages adequate to compensate Erchonia for the infringement of the '650 and '067 Patents, pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

d. An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

e. An award of attorneys' fees based on this being an exception case pursuant to 35 U.S.C. § 285, including pre-judgment interest on such fees;

f. Judgment that Defendants have infringed Erchonia's federal registered EMERALD LASER trademark, as well as Erchonia's common law Emerald Laser trademarks;

g. Judgment that Defendants have engaged in unfair competition and false designation of origin under 15 U.S.C. § 1125(a), as well as common law unfair competition;

h. Permanent injunctive relief preventing Defendants and their respective officers, agents, servants and employees, and all those acting in concert or participation therewith, from:

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

     i.  marketing, advertising, promoting or using any non-Erchonia low-level-laser device under the name Emerald Laser or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation thereof;

    ii.  engaging in any activity that infringes upon Erchonia's federally registered or common law EMERALD LASER marks;

   iii.  engaging in any activity constituting unfair competition with Erchonia;

   iv.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Erchonia and its products and services; and

    v.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (iv) above.

i.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services marketed, advertised, promoted, or otherwise offered

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

COMPLAINT- 35

or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Erchonia or constitute or are connected with Erchonia's Emerald Laser.

j.  Directing Defendants to immediately cease all display, marketing, advertising, promotion, and/or use of any and all advertisements, signs, displays, social media and other materials that feature or bear any designation or mark incorporating the mark EMERALD LASER or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Erchonia's EMERALD LASER marks.

k.  Directing, pursuant to 15 U.S.C. § 1116(a), Defendants to file with the Court and serve upon Erchonia's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

l.  Awarding Erchonia an amount up to three times the amount of its actual damages, in accordance with 15 U.S.C. § 1117(a).

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

m. Directing that Defendants account to and pay over to Erchonia all profits realized by its wrongful acts in accordance with 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Erchonia for the damages caused thereby.

n. Declaring that this is an exceptional case pursuant to 15 U.S.C. § 1117(a) and awarding Plaintiff its costs and reasonable attorneys' fees thereunder.

o. An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through final judgment;

p. Awarding Erchonia interest, including prejudgment and post-judgment interest, on the foregoing sums.

q. Costs and expenses in this action; and

r. Such other and further relief this Court deems just and proper

DATED this 28th day of July 2025.

LOWE GRAHAM JONES PLLC

By
Mark P. Walters, WSBA No. 30819
walters@lowegrahamjones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
Telephone: (206) 381-3300

Attorneys for Plaintiff Erchonia Corporation LLC

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

COMPLAINT- 37